UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
MAR 20 2006

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| CHAD DuBOIS, | * | CIV. 06-4049 |
| Plaintiff, | * | |
| vs. | * | ORDER ON MOTION |
| ROBERT DOOLEY; Warden, Mike Durfee State Prison, in his official and individual capacity; MARK STEIL, in his official and individual capacity, | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Plaintiff has filed a motion for appointment of counsel (Doc. 11). "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." Edgington v. Missouri Dep't of Corrections, 52 F.3d 777, 780 (8th Cir. 1995). The factors relevant to evaluating a request for appointment of counsel include "whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996).

This case is not factually complex. Plaintiff alleges prison officials refuse to give him the psychostimulant medication (Dexedrine) that he has been taking for the last twenty (20) years and instead have prescribed the medication, Straterra. Plaintiff is further concerned that Straterra may adversely affect his liver, which is already compromised due to Gilbert's Disease.

This case is not legally complex. The law regarding plaintiff's Eighth Amendment claim is well-settled, and requires that plaintiff "prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs." Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999). A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson

1

would easily recognize the necessity for a doctor's attention." <u>Camberos v. Branstad</u>, 73 F.3d 174, 176 (8th Cir. 1995) (quotation marks and citation omitted). The law further provides that "[d]eliberate indifference may be demonstrated by prison guards who intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs. Mere negligence or medical malpractice, however, are insufficient to rise to a constitutional violation." <u>Dulany v. Carnahan</u>, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-06 (1976)).

Like all individuals untrained in the law, plaintiff may benefit from the assistance of counsel, but the Court does not find it necessary to appoint counsel in this matter. Plaintiff alleges he has a learning disability and has difficulty reading, writing and understanding written material. Plaintiff's claim of a learning disability notwithstanding, he has been able, thus far, to adequately articulate his claim in an intelligible fashion. The benefit to the Court of appointment of counsel would not be substantial as the Court is well aware of the law regarding plaintiff's claim. Plaintiff, although incarcerated, is able to investigate the facts of his claim. It is not clear at the present time whether there will be conflicting testimony in this case. Considering all the relevant factors, as discussed above, and upon the record to-date, it is hereby

ORDERED that plaintiff's motion for appointment of counsel (Doc. 11) is denied without prejudice.

Dated this ____ day of March, 2006.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK

By: _____, Deputy
(SEAL)

2