

FILED

MAY 17 2006

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                          *
CHAD DuBOIS,                              *         CIV. 06-4049
                                          *
        Plaintiff,                        *
                                          *
vs.                                       *         ORDER
                                          *
ROBERT DOOLEY; Warden, Mike Durfee        *
State Prison, in his official and individual *
capacity; MARK STEIL, in his official and *
individual capacity,                      *
                                          *
        Defendants.                       *
                                          *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

Previously Mr. DuBois was granted *in forma pauperis* status. (Doc. 6) His motion to appoint counsel was denied. (Doc. 15) In his 42 U.S.C. § 1983 complaint he alleged his long time medication had been changed by prison officials to a different medication which is damaging to him. Upon initial screening of his complaint pursuant to 28 U.S.C. § 1915, an Order was filed on March 10, 2006, allowing plaintiff to serve his complaint. (Doc. 7) Defendants answered the complaint on April 17, 2006. (Doc. 19) On April 19, 2006, he filed a request for a preliminary injunction, but failed to serve the pleading on the opposing parties. (Doc. 20) On May 11, 2006, he signed and filed a letter written for him by a friend in which he requested a preliminary injunction, saying that he has been given a medical report by prison officials which confirms the substituted medication is causing irreversible damage to his liver. (Doc. 23) His letter was sent to opposing counsel and is construed as a motion for a preliminary injunction under Federal Rule of Civil Procedure 65.

It now appears that the interests of justice require the appointment of counsel for the plaintiff for the purpose of addressing his request for preliminary injunction. Attorney Steven Pier is willing to accept this appointment on a pro bono basis, subject only to his being entitled to fees under the Equal Access to Justice Act, 42 U.S.C. § 2412, in the event the plaintiff is the prevailing party in this action, or under the Fourth Amended Plan for the Administration of the District Court Attorney Admission and Pro Bono Fund, § J, which provides:

> In a civil case where an attorney is appointed to represent an indigent party, the Judge or Magistrate to whom the case is assigned may authorize certain payments. These payments may consist of reasonably out-of-pocket expenses and a partial payment of attorney's fees. The partial payment of attorney's fees payment shall not exceed 25 percent of a fair and reasonable fee for the work performed. This amount shall not exceed $2,500 without the prior written approval of the presiding judge on the case. The fee paid shall be offset by the amount of fees recovered from other sources.
>
> In the event the party represented is ultimately successful on the merits and is awarded costs and attorneys fees, the out-of-pocket expenses allowed pursuant to this paragraph will be deducted from such award and redeposited into the District Court Fund.

Accordingly, it is hereby

ORDERED that:

1. Plaintiff's prior motion for appointment of counsel is reconsidered and granted as follows: Steven L. Pier is appointed as counsel to represent plaintiff Chad DuBois for the limited of purpose of addressing Mr. DuBois' request for preliminary injunction.

2. Steven L. Pier, of the law firm of Kennedy, Rokahr, Pier & Knoff, PO Box 37, Yankton, South Dakota 57078, is hereby appointed as attorney for the plaintiff herein, to serve without compensation except such as he may be entitled to under 42 U.S.C. § 2412 or from the attorney admission fund.

3. The clerk of court shall promptly mail a copy of the entire court file herein to Steven Pier, and assess no costs for copying or mailing.

4. A telephonic status conference with counsel shall be held on Thursday, June 1, 2006, at 10:00 a.m., or at such other time convenient to counsel. The call will be initiated by the court.

Dated this 17th day of May, 2006.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, CLERK

By: _____, Deputy

(SEAL)